HOTEL PALACE, INC., Petitioner, v. MINIMUM WAGE BOARD, Respondent.

No. 110.  Argued March 3, 1953.—Decided April 22, 1953.

690

*Juan Enrique Géigel, Guillermo Silva* and *Hernán Pesquera,* for petitioner. *Joaquín Gallart Mendía* and *Domingo Candelario,* for respondent.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In *Hilton Hotels, Inc.* v. *Board,* decided today, *ante,* p. 628, we have considered and settled almost all the questions raised in the case at bar by petitioner, Hotel Palace, Inc., who has challenged in this Court the validity of Decree No. 22, applicable to hotel businesses and which has been approved by the Minimum Wage Board. However, there are some new questions in the instant case which we shall pass on to consider.

The Hotel Palace, Inc., alleges that it would obtain less than a reasonable benefit, and it would even have a loss, as a result of the application of Mandatory Decree No. 22, and to that effect presented evidence before the Board to support its contentions. We must observe that the Board established a higher minimum wage for those hotels operating casinos and gambling rooms than for those other hotels, petitioner among them, which lacked said facilities. The minimum wage fixed for petitioner is less than the one appointed for the Caribe Hilton and the Condado Hotels, precisely because of the Board's view that the petitioner, as well as other hotels without casinos, would have a smaller movement of tourists and guests. This determinate factor which was more favorable to petitioner was applied by the Board. The fact itself that petitioner's specific hotel might obtain less than a reasonable benefit does not render the decree invalid. When minimum wages are fixed for an industry, the industry in general and not the economic condition of a particular enterprise is taken into consideration. *American RR. Co.* v. *Minimum Wage Board,* 68 P.R.R. 736, 743. Furthermore, although the Board considered evidence which was submitted by the petitioner as to the alleged prejudicial economic impact of the decree as to the hotel in issue, the Board also considered statistical evidence as to various hotels in the

Capital, without casinos, including petitioner's hotel, tending to prove that those hotels would obtain a reasonable benefit by the decree. Therefore, the decree was based on substantial evidence, as to that aspect. Even assuming that petitioner's evidence would have created a conflict in the evidence, we can not intervene to set aside the view of the Board as to the manner of settling said conflict.

■■ Petitioner alleges that the Board erred in failing to establish a separate zone for "San Juan proper" where petitioner's hotel is located, without including Santurce and Puerta de Tierra, with a lower scale of wages for said separate zone, being said averment based on the evidence presented before the Board on the alleged decrease in the hotel business in the city of San Juan, "after the opening of tourist's hotels located at Santurce." In *Hilton Hotels, Inc.* v. *Board*, we have upheld the power of the Board to establish the classifications set forth in the decree. We have upheld industry or business classifications which have a rational basis on the evidence. To include the Hotel Palace in the category of hotels without casinos located in the entire city of San Juan has a rational basis on the evidence. On the other hand, just as the Board indicated and concluded in the decree, when it discussed petitioner's same contention, no valid reason has been given by which the Palace Hotel should be placed in the same category as other hotels located at Río Piedras or in the rest of Puerto Rico, apart from San Juan.

■ Petitioner challenges, besides, the validity of the provisions contained in the decree as to employees who receive tips and those who are not tipped. Said classification has already been discussed by this Court in *Hilton Hotels, Inc.* v. *Board*. But petitioner alleges, first, that the Board did not establish that same classification as to hotels without casinos or gambling rooms, and that said differentiation as to the two kinds of hotels is arbitrary and unconstitutional and grants competitive advantages to one category of hotels over another inasmuch as in the hotels not operating casinos

the employees also receive tips and, therefore, the employees in those hotels not having casinos should receive a smaller salary than those who have no tips. It is true that the employees in the hotels without casinos are also tipped. However, the distinction adopted by the Board had a rational basis.[1] The Board considered that in hotels with casinos the general movement of guests and tourists would be greater. We can reasonably infer therefrom that in hotels operating casinos the amount and number of tips would be greater and that the employees in the hotels without casinos would receive less tips. On the other hand, and even assuming, *arguendo*, that the employees in the hotels having no casinos receive the same amount of tips as those in the other hotels, this does not affect the fact that the Board reached the conclusion, based on the evidence, that, aside of the tips, the minimum wage fixed by the hotels having no casinos did not deprive them of a reasonable benefit, and that there were no competitive advantages between both categories of hotels.

Petitioner contends that the classification of the employees who fall into the category of employees receiving tips from the guests regularly is not sustained by substantial evidence inasmuch as it is alleged that besides the waiters and others included as benefiting from tips, there are other kinds of employees who receive tips. Independently of the fact that the petitioner is not legally apt to raise such question because with regard to itself, such a distinction between employees with or without tips was not established, the Board had evidence on which said definition could be reasonably based.

█ Petitioner states that the Board erred in fixing a minimum wage of thirty-two cents for its employees inasmuch

---

[1] The rationality of the basis does not imply any opinion on our part as to whether that basis is the best and wisest possible. What we are holding is that we should not substitute our possible view for that of the Board, if the opinion of the latter has a rational basis. The fact that ours is not the best of all possible worlds does not imply, in itself, that our world is irrational.

as they "do not need such a high minimum wage since they receive a substantial weekly amount in tips which is sufficient to cover their needs." The Minimum Wage Act authorizes the Board to fix the highest possible minimum wage, which is compatible with the economic stability of the industry or business. That was what the Board did in this case, upon fixing a minimum wage of thirty-two cents having in mind the economic situation of the hotel business, independently of the tips received. On the other hand, petitioner's theory is tantamount to an allegation to the effect that the tips should be deducted from the minimum wage, so that the minimum wage actually fixed together with the tips be equivalent to the minimum wage required by the Board. In *Williams* v. *Jacksonville Terminal Co.*, 315 U. S. 386, it is held that the tips may be validly considered as part of the minimum wage. But that is compatible with the doctrine laid down subsequently by the Supreme Court of California in *California Drive-In Restaurant Ass'n.* v. *Clark*, 22 Cal. (2d) 287, 147 A.L.R., 1028, to the effect that an administrative wage order in hotel and restaurant businesses is valid to the effect of forbidding that tips be deducted from the fixed minimum wage and forbidding the employers from keeping the tips for themselves. The opinion cites Anderson's *"Tips and Legal Minimum Wages"*, XXXI American Labor Legislation Review 11, at page 13, to the effect that "if the tips received were to be counted as a part of the minimum wage ' ... the employee would be required to report to her employer the amount of tips received ... ' " in order to compute the minimum wage, and that would imply that all those employees who receive fewer tips would be fired, with all the consequences arising therefrom.

■■ Petitioner raises the question of the invalidity of § VI of the decree which refers to deductions from the minimum wage for meals and services rendered. Petitioner is correct, in view of the grounds set forth in *Condado Beach Hotel* v. *Board*, decided today, *ante*, p. 678. Said Article is

void, but it does not render the rest of the decree void, because it concerns severable matters. The fixed minimum wage of thirty-two cents should be maintained as to petitioner, together with the other provisions of the decree except § VI, with the same preventive measures set forth in *Condado Beach Hotel* v. *Board.*

For the reasons set forth in this opinion, § VI of Mandatory Decree No. 22, approved on August 6, 1952, will be declared void and all the other provisions of said decree are declared valid.